UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ZULMA D.M., <br><br> Petitioner, <br><br> v. <br><br> ERIC KLANG, in his official capacity as Sheriff, Crow Wing County; DAVID EASTERWOOD, in his official capacity as Acting Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; TODD M. LYONS, in his official capacity as Director of Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, <br><br> Respondents. | Case No. 26-CV-959 (NEB/JFD) <br><br><br> ORDER ON <br> PETITION FOR <br> WRIT OF HABEAS CORPUS |

---

This matter is before the Court on Petitioner Zulma D.M.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Zulma D.M. is a citizen of Honduras who has lived in the United States since December 2018 when she entered the country without inspection. (*Id.* ¶¶ 58–59.) Shortly after entry, she turned herself in to U.S. Customs and Border Protection. (*Id.* ¶ 59.) On December 15, 2018, she was released on her own recognizance. (*Id.* ¶ 60.) She has no criminal record and has complied with all

immigration-related requirements placed on her. (*Id.* ¶¶ 66–67.) And, in September 2023, an immigration judge dismissed her removal proceeding. (*Id.* ¶ 64.)

Zulma D.M. has a pending asylum application and employment authorization. (*Id.* ¶¶ 61, 65.) She is a mother and works as a custodian at Burnsville High School. (*Id.* ¶¶ 62–63.) Her employer told her union that if she is released from ICE custody she will be reinstated at her job. (*Id.* ¶ 63.)

On January 17, 2026, while on her way home from the grocery store, Immigration and Customs Enforcement ("ICE") took Zulma D.M. into custody—without a warrant. (*Id.* ¶¶ 4, 67.) Within days of her arrest, Zulma D.M. was transferred to a detention center in El Paso, Texas, and she filed a habeas petition in the United States District Court for the Western District of Texas. (*Id.* ¶ 5.) Six days after she filed her habeas petition, Respondents began the process of transferring her back to Minnesota. (*Id.* ¶ 69.) Zulma D.M.'s transfer back to Minnesota took multiple days and occurred "under harsh conditions where she was provided little food and water." (*Id.*) She is now detained in the Crow Wing County Jail in Minnesota. (*Id.* ¶ 70.)

No longer detained in Texas, Zulma D.M. dismissed her habeas petition there, on February 2, 2026. (*Id.* ¶¶ 29–30; ECF No. 1-1 at 2[1].) Afterwards, Zulma D.M. filed this habeas action challenging her detention under 28 U.S.C. § 2241.

Zulma D.M. is one of hundreds of petitioners in the District who have challenged their custody without an individualized bond determination. Like those petitioners, Zulma D.M. argues she has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because she has been living in the United States since she entered the country over seven years ago, Zulma D.M. asserts that Section 1226, rather than Section 1225, applies. She therefore argues that her detention under Section 1225(b)(2) violates the Fifth Amendment as well as the INA and its implementing regulations.

The Court has already concluded that petitioners similarly situated to Zulma D.M. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No.

---

[1] All page citations to the record or other dockets reference ECF pagination.

3

25-CV--3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Zulma D.M. while she was entering the United States. Instead, she was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Zulma D.M.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint and refers the Court to Respondents' arguments in *Avila v. Bondi*, No. 25-3248

(8th Cir. Docketed Nov. 10, 2025). (ECF No. 5.) The Court recognizes, but is not persuaded by, the minority viewpoint; it has already considered and rejected that viewpoint.[2]

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Zulma D.M. requests immediate release. Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

Zulma D.M. asserts that her arrest was warrantless. The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Zulma D.M.'s detention in light of issues raised by the habeas petition. Respondents did not submit a warrant to support Zulma D.M.'s arrest. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Zulma D.M.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-437,

---

[2] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court therefore orders the immediate release of Zulma D.M.[3]

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

    b. ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel, but not later than 24 hours after entry of this Order;

---

[3] The Court does not address Zulma D.M.'s request for attorneys' fees and costs under the Equal Access to Justice Act; she may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

  c. ORDERS that, within **two days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

  d. ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 6, 2026          BY THE COURT:
Time: 9:13 p.m.             s/Nancy E. Brasel
                   Nancy E. Brasel
                   United States District Judge